FILED

MAY 17 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF AL.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRYAN GRADY, # 122650,                )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        CIVIL ACTION NO. 01-A-243-N
                                      )
MICHAEL W. HALEY, *et al.*,           )
                                      )
        Defendants.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 17, 2001, the defendants filed a special report in compliance with the orders of this court in which they addressed the plaintiff's claims for relief. Specifically, the defendants filed affidavits and relevant evidentiary materials which refuted the plaintiff's allegations. The court thereafter issued an order directing the plaintiff to file a response to the defendants' written report. *See Order of April 19, 2001* (doc. # 8). The plaintiff was given until May 9, 2001, to file his response and was advised that his failure to respond to the defendants' written report may be treated as an abandonment of the claims set forth in his complaint. The plaintiff has filed nothing in opposition to the defendants' written report as required by the order entered on April 19, 2001. In light of the foregoing, the court concludes that the plaintiff has abandoned his claims and failed to prosecute this action.

13

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff is an indigent state inmate. Moreover, the plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this action.

Done this _____ day of May, 2001.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 01-A-243-N

ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action.  The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this _11_ day of May, 2001.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE